UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-283 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| KARLON WOODS, JR | MAGISTRATE JUDGE HANNA |

# ORDER

On February 14, 2019, after hearing testimony from Dr. Lisa Feldman, the Bureau of Prisons psychologist who examined Defendant, this Court found that Defendant was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or assist in his defense. [Record Document 74]. The Court further held that he was also incompetent at the time of his guilty plea. [*Id.*]. Therefore, the Court vacated the guilty plea for the reasons orally stated on the record. [*Id.*].

Counsel for the Government pointed to 18 U.S.C. § 4241(d), which he contended mandated commitment of Defendant for an attempt at competency restoration. [*Id.*]. As this issue had not been raised prior to the hearing, neither defense counsel nor the Court were prepared to address it. The Court ordered that defense counsel confer with Defendant's family and file a notice with the Court containing Defendant's position on this issue. [*Id.*]. Defendant moved to dismiss the indictment. [Record Document 77]. Defense counsel also noted that if the indictment was not dismissed, she concurred in

1

the Government's oral motion for an evaluation pursuant to 18 U.S.C. § 4241(d). [*Id.*].

Under § 4241(d), if a court finds a defendant incompetent to be prosecuted, "the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). This provision is mandatory. *Id.*; *see United States v. Mitchell*, 709 F.3d 436, 440 (5th Cir. 2013) (citing § 4241(d)); *see also United States v. Millard-Grasshorn*, 603 F.3d 492, 495 (8th Cir. 2010) (holding that § 4241(d) is mandatory); *United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008) (same).

Therefore, **IT IS ORDERED** that the Government's oral motion for commitment of Defendant to the custody of the Attorney General pursuant to § 4241(d) [Record Document 74] is **GRANTED**. Defendant's motion to dismiss the indictment [Record Document 77] is **DENIED** without prejudice to being re-urged should Defendant's competence be unable to be restored.

**IT IS FURTHER ORDERED** that Defendant, Karlon Woods, Jr., be committed to the custody of the Attorney General for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

**IT IS FURTHER ORDERED** that Defendant, Karlon Woods, Jr., not be involuntarily administered psychotropic medication for purposes of competency restoration unless and until this Court issues an order to that effect.

2

**IT IS FURTHER ORDERED** that counsel for the Government ensure (1) that this order is timely transmitted to the Bureau of Prisons; and (2) that this order is entered into any computer systems necessary to ensure that the evaluation begins promptly. Failure of the evaluation to begin in a timely fashion will not result in additional time for its completion beyond the four months authorized by statute.

**IT IS FURTHER ORDERED** that a report be sent to the Court at foote_motions@lawd.uscourts.gov containing the opinion of medical staff at the facility where Defendant is hospitalized regarding the likelihood that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. This report should be submitted as soon as possible, but no later than four months from the date of this order.

Upon receipt of that report, the Court will issue further orders as necessary.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___ day of February, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE